## City of Christopher, Appellee, v. John Massotti et al., Appellants.

1. CITIES AND VILLAGES—*intoxicating liquors*. Under Cities and Villages Act, art. 5, giving municipalities the power to "license, regulate and prohibit the selling, etc., of intoxicating liquors," a city or village has no power to pass an ordinance prohibiting the storage of liquor for future delivery.

2. DRAMSHOPS—*variance*. Where a complaint is based solely upon the breach of a liquor ordinance which is held invalid, other charges, although supported by the evidence are not available.

Appeal from the Circuit Court of Franklin county; the Hon. E. E. NEWLIN, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed October 31, 1912.

D. F. MOORE, for appellants.

W. H. WILLIAMS, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Separate complaints were filed against appellants, John Massotti and Dominick Rebufino, charging them with a violation of Section 3 of Ordinance No. 1 of the City of Christopher, Illinois, but the suits were afterwards, by agreement of the parties, tried together, before the justice of the peace, where they were instituted and in the Circuit Court to which they were taken by appeal.

The section of the ordinance, which appellants were charged with having violated, was as follows: "No person or persons either as principal, clerk, servant or agent, of any person, brewery or wholesale or retail liquor house, shall, within the corporate limits of the city of Christopher, deliver, distribute or store in any place for the purpose of future delivery, sale or distribution, any consignment or shipment of the liquors herein named."

The jury by their verdict found both the defendants

guilty "of storing for future delivery, certain malted liquors in a building within the corporate limits of the city of Christopher, in violation of the ordinance of said city, in manner and form as charged in the complaints." They also fixed the amount of fine to be paid by each of said defendants at the sum of $70.00. The court entered judgment upon the verdict, against each defendant for $70.00 and costs and ordered that execution issue for the same.

The proofs show that appellants were owners or in control of certain cold storage houses in the city of Christopher and were also licensed teamsters; that they were accustomed to receive beer in car load lots, from brewers, place it in their storage houses and afterwards deliver it to consumers throughout the city. The evidence in the case is unsatisfactory and from the same it cannot be determined whether appellants were acting for themselves, for the brewers or for the purchasers and consumers of the beer. It simply appeared that they received the beer, put it in the storage houses and then delivered it. The terms upon which and the length of time for which the beer was stored are not disclosed by the proofs, nor does it appear whether the storage houses were kept exclusively for the storage of beer or were used for a general cold storage business.

The first and principal question raised by appellants is that the city had no power to enact that section of the ordinance upon which the prosecution is based, and if that contention is well founded, these suits must fail. The section in question, as above set forth, provides, that no person shall "deliver, distribute or store in any place, for the purpose of future delivery, sale or distribution, any consignment or shipment of the liquors herein named."

The complaints charged the violation of said section of the ordinance "by delivering and storing for the purpose of future delivery, certain malted liquors," in buildings, whose locations were described and the

verdict of the jury found the defendants guilty "of storing for future delivery, certain malted liquors in a building within the corporate limits of the city of Christopher."

The question presented for our consideration, therefore, is whether or not the city had the power, under the statutes of the state, to pass an ordinance prohibiting the storage of malted liquors for the purpose of future delivery. It is insisted by appellee that Article five of the Act in relation to Cities, Villages and Towns, which gives municipalities named therein the power "to license, regulate and prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor," is broad enough to authorize the ordinance above referred to upon the subject in question. This power, it will be observed, is limited to the right to license, regulate and prohibit the selling or giving away of intoxicating, malt, or vinous liquors, but the charge against the defendants and the ordinance invoked is not for selling or giving away of malt liquors but for the storage for future delivery and, in our opinion, is not within the power granted by this section of the statute.

Appellants relied, as one of their defenses, upon the fact that the city, after the commencement of this suit and before its trial on appeal in the Circuit Court, by another ordinance, suspended the operation of the ordinance in question "so long as the city remains or continues to be anti-saloon territory." It is claimed by appellants that the repeal or suspension of said ordinance operated to put an end to the prosecution of these suits, because the repealing ordinance did not contain a saving clause providing for keeping the same in being. Viewing this case as we do it is not necessary for us to determine whether a general repealing ordinance providing that, "no suit, proceeding or rights vested under or by virtue of any ordinance before its repeal or modification, shall be annulled, released or discharged or in any wise affected by the passage of such repealing or modifying ordi-

nance, but the same may be recovered, prosecuted, completed and enjoyed as fully in all respects as if such ordinance or part thereof, had remained in full force, unless otherwise expressly provided in the ordinance, making such repeal,'' would operate to save the prosecution of this suit or not. We are of the opinion that under the law, appellee had no authority to pass an ordinance providing a penalty, merely for the storage of the liquors in question, within the city for the purpose of future delivery, and that the appellants could not be rightfully convicted under such an ordinance.

It is contended, however, by appellee that appellants' course of conduct in receiving, storing, and delivering the liquors in question, constituted in effect, a shift or device to evade the provisions of the act in regard to anti-saloon territory and comes within the scope of section 13 of said act.

A consideration of the proofs shows that this claim of appellee is not without substantial foundation but it cannot avail the city in this suit, for the reason that the complaint does not charge that the transaction constituted a shift or device to evade the provisions of the act in relation to anti-saloon territory, but is based solely upon the breach of an ordinance, under which we have held a conviction cannot be sustained.

Some question is raised in the argument of the case as to whether the storage houses in question constituted common nuisances under the statute, and we therefore deem it proper to say that we do not intend to hold by anything contained in this opinion that a complaint could not be sustained, under a proper ordinance, if supported by proof, charging that the maintenance of a place where intoxicating liquor was stored for future delivery, had become a nuisance in fact and thereby constituted a nuisance under the statute and the provisions of such ordinance.

For the reasons above given the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*