THE CITY OF CHICAGO, Plaintiff in Error, *vs.* MANDEL BROS., Defendant in Error.

*Opinion filed June 16, 1914—Rehearing denied October 7, 1914.*

1. MUNICIPAL CORPORATIONS—*city's authority to pass any ordinance must be found in some act of the legislature.* The authority of a city council to pass any ordinance must be found in some act of the legislature, and such authority is strictly construed, and any reasonable doubt as to its existence must be solved against the right of the city to its exercise.

2. SAME—*cities have the power to regulate private buildings to protect public against fires.* Clauses 61 and 65 of section 1 of article 5 of the Cities and Villages act impose upon city councils the duty to regulate the construction and use of private buildings for the protection of the public against the dangers from fires growing out of such construction and use.

3. SAME—*clause 66 of section 1 of article 5 of Cities and Villages act is not a delegation of all the police powers of the State.* Clause 66 of section 1 of article 5 of the Cities and Villages act is not a delegation to cities of all the police powers of the State, but the exercise of such powers by cities is confined within the scope of municipal functions and to subjects designated in their charters.

4. SAME—*what are included in police ordinances which a city may pass.* The necessary police ordinances which a city may pass under clause 66 of section 1 of article 5 of the Cities and Villages act include all reasonable ordinances conducive to the promotion of the health and safety of the inhabitants.

5. SAME—*police power of city covers reasonable regulations to protect the public from fires.* Reasonable requirements for the protection of the lives and safety of citizens, as well as their property, against destruction by fire are clearly within the police power which may be exercised by a city.

6. SAME—*Chicago ordinance prohibiting sale of goods at retail in sub-basements of department stores is valid.* Paragraphs (*b*) and (*c*) of section 480 of the ordinances of the city of Chicago, which prohibit the sale of goods at retail in sub-basements of department stores, are not intended as a regulation of the retail sale of goods but as a police regulation to protect the public against danger from fire in places where people are likely to assemble in great numbers, and, so considered, the provisions are valid and the limitation to department stores is not unreasonable or arbitrary.

7. SAME—*when court cannot say that requirements of a police ordinance are too stringent.* It is not for the court to say that the requirements of a police ordinance enacted to promote the public safety are too stringent, provided they are adapted to the object sought and are not manifestly unreasonable.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding.

WILLIAM H. SEXTON, Corporation Counsel, and JAMES S. MCINERNEY, Prosecuting Attorney, (J. HENRY KRAFT, CHARLES M. HAFT, and LEON HORNSTEIN, of counsel,) for plaintiff in error.

TOLMAN & REDFIELD, HOWARD W. HAYES, and HENRY P. CHANDLER, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

In an action for the violation of an ordinance of the city of Chicago the municipal court held invalid the following provisions, being paragraphs (*b*) and (*c*) of section 480 of the ordinances of the city:

"(*b*)  Not more than one floor of any basement or cellar shall be used for the retail sale of goods.  Such floor shall be the floor nearest to the inside street grade.  Such floor used for the retail sale of goods shall not be more than twenty feet below the inside street grade.

"(*c*)  No sub-basement, cellar or part of a basement below such floor shall be used for the sale of any goods in any manner, but locker and dressing rooms may be placed in the sub-basement, provided the space thus occupied be separated from the remainder of the basement by fireproof partitions, and that there be at least two flights of stairs, placed as far apart as practicable, leading therefrom to the first floor, enclosed in fireproof partitions.  Such stairs from such locker or dressing rooms shall be in addition to other stairways required by this chapter for such buildings, and at least one of such stairways shall open directly on a street, alley or court opening on a street or alley, or on a fireproof passage leading to the street, alley or such court.  Where more than five lockers are in one room such lockers shall be of incombustible material."

The city sued out a writ of error from this court, the trial judge having certified the public interest so required.

The defendant in error violated the ordinance, and the only question presented is its validity.  The defendant in error contends that the ordinance is void both because the city had no power to pass any ordinance of the kind, and because this particular ordinance is unreasonable.

It is argued that the city council has no power to enact an ordinance regulating the retail sale of goods, but it seems reasonably apparent that this is not such an ordinance but is a police ordinance, having for its object the protection of the public against danger from fire in places where people are likely to assemble in great numbers.  Evidence in regard to the ventilation and sanitary condition of the basement and sub-basement was not material, for the ordinance was not aimed at those conditions.  The au-

thority of the city council to pass any ordinance must be found in some act of the legislature. Such authority is always strictly construed and any reasonable doubt of its existence must be solved against the right of the municipality to its exercise. (*City of Chicago* v. *Ross, 257* Ill. 76.) The legislature has conferred upon city councils power to regulate the construction and use of private buildings, to guard against the calamities of fire and to provide protection against dangerous conditions in respect to fires. The provisions conferring such power are found in clauses 61 to 65 of section 1 of article 5 of the Cities and Villages act. While they do not, in terms, confer express authority to enact the ordinance in question, they do impose upon the council a duty in the protection of the public from the danger of fires in private buildings growing out of the manner of construction and use of such buildings. The protection of the public against such danger is a subject thus delegated to the municipality. Clause 66 gives the council authority "to regulate the police of the city or village and pass and enforce all necessary police ordinances." We have held that this clause is not a delegation of all the police powers of the State, and that municipalities, in the exercise of the police power, must be confined within the scope of municipal functions and to the subjects designated in their charters: (*City of Chicago* v. *M. & M. Hotel Co.* 248 Ill. 264.) Within such limitations regulations necessary to the health and safety of the inhabitants of the city are within the police power of a municipality, and the necessary police ordinances which the city council may pass include all reasonable ordinances conducive to the promotion of the health and safety of such inhabitants. (*City of Chicago* v. *Kluever, 257* Ill. 317; *Spiegler* v. *City of Chicago, 216* id. 114.) By virtue of the authority to pass necessary police ordinances granted by clause 66, an ordinance which prohibited the keeping open of places of business on Sunday for the sale of goods, wares and merchandise was

264 – 14

held within the police power of the village in *McPherson v. Village of Chebanse,* 114 Ill. 46, and a similar ordinance was sustained in the recent case of *City of Clinton* v. *Wilson,* 257 Ill. 580. The ordinance which was attacked in *City of Chicago* v. *Bowman Dairy Co.* 234 Ill. 294, was sustained under the same clause, and in *Gundling* v. *City of Chicago,* 176 Ill. 340, and *City of Chicago* v. *Gunning System,* 214 id. 628, the power conferred under this clause was recognized as extending to embrace the subject matter of police regulation under the police power of the State. Reasonable requirements for the protection of the lives and safety of citizens, as well as their property, against destruction by fire are clearly within the police power which may be exercised by the city.

It was shown by the evidence that the building of the defendant in which the violation of the ordinance occurred was of fireproof construction throughout and was equipped with all of the best safety appliances and sanitary features known in building. The basement was shown to have been constructed by the defendant at great expense, and the number, character and location of the exits, elevators, fire apparatus and ventilating system were fully shown. It is argued that the ordinance is unreasonable in absolutely prohibiting the retail sale of goods on a floor more than twenty feet below the street grade, without reference to the character of the construction of the basement, its safety equipment and sanitary devices. Other provisions of the ordinance are found in the record, from which it appears that the first twelve stories above the street may be used for the retail sale of goods, and those above the twelfth story if equipped with an approved automatic sprinkler system and having inclosed stairways, and it is argued that the council gave no consideration to the fact that a basement may be made as safe as any floor above the street. This is a question with which the city council had to deal. It is a legislative question, which must be left to the judg-

ment and discretion of the legislative department, and unless the exercise of such judgment and discretion is manifestly unreasonable the courts will not interfere with it. It is not for a court to say that in its judgment the requirements of an ordinance enacted for the promotion of the public safety are too stringent, provided they are adapted to the object sought and are not manifestly unreasonable. No doubt the council took into consideration the different conditions in the basement and upper floors in regard to fires, the relative danger from explosion, smoke, darkness, water and falling debris. We cannot say that the difference in conditions is not such as to justify the prohibition complained of in this ordinance.

It is insisted that the ordinance is void because it discriminates between persons in the same situation. By other provisions the paragraphs complained of are limited in their application to buildings used as department stores. The ordinance prohibits the retail sale of goods but not the carrying on of other business or occupations. The reason for the enactment of the ordinance was no doubt to prevent the danger from fire occurring in a building whose basement might be filled with a multitude of shoppers, such as frequently throng the aisles and surround the counters of such stores. The conditions are different from those of most other classes of business, if not of all others. The classification is not arbitrary but is based upon the tendency of people to collect in great numbers at such places, which distinguishes them from other places and increases the danger which would follow a fire. A reasonable range of discretion must be allowed to the legislative body in the exercise of its power to classify the subjects of legislation, and we cannot say that this classification is not based upon a reasonable difference of conditions.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*