GEORGE J. WILLIAMS et al. Plaintiffs in Error, vs. THE CITY OF CHICAGO et al. Defendants in Error.

*Opinion filed December 16, 1914—Rehearing denied Feb. 3, 1915.*

1. MUNICIPAL CORPORATIONS—*ordinance may rest upon different grants of power.* While the authority for the enactment of an ordinance by a city organized under the Cities and Villages act must be found in the statute by express grant or necessary implication, yet an ordinance may derive its validity from several different grants of power and not depend solely upon any single clause or section of the statute.

2. SAME—*a city has the power to require flat-buildings to be equipped with certain fire apparatus.* In the exercise of its police power a city may, by ordinance, require that apartment houses or flat-buildings having four or more apartments shall have in the boiler room and in the janitor's quarters not less than one fire-ax and one chemical extinguisher or portable hand pump.

3. SAME—*rights of citizens are subject to reasonable exercise of police power.* The fact that apartment houses or flat-buildings were constructed under a permit from the city and in accordance with the ordinances then in force does not exempt the owners from compliance with subsequent reasonable requirements imposed by ordinance as to equipping such buildings with fire apparatus.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

ZIMMERMAN, MYERS & GARRETT, for plaintiffs in error.

WILLIAM H. SEXTON, Corporation Counsel, (MAX M. KORSHAK, and GEORGE L. REKER, of counsel,) for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiffs in error filed their bill in chancery in the circuit court of Cook county, on behalf of themselves and all others similarly situated, to enjoin the city of Chicago from enforcing a certain ordinance. In substance, the bill alleges plaintiffs in error are owners of real estate in the city of Chicago improved with apartment houses or flat-buildings

classified by the city code as "class 6" buildings. Section
430 of article 9 of the code is as follows: "In class 6 shall
be included any tenement and apartment house or building,
or portion thereof, which is used or intended to be used as
the home or residence of two or more families living in
separate apartments." The bill alleges the plaintiff in error
Williams owns ten buildings in class 6 erected in the year
1908 in accordance with the laws of the State and ordi-
nances of the city of Chicago then existing and pursuant
to permits from the properly constituted authorities. Said
buildings are constructed of stone and brick, with wood fin-
ish inside, are three stories high, have twenty-four flats
or apartments, which are used and occupied as private resi-
dences by tenants. The bill alleges they have two sets of
stairways, one in the front and one in the rear, and all
flats or apartments have easy and open access; that the en-
gine rooms are built with concrete floors, brick walls and
plaster ceilings; that the apparatus for generating steam
for heating purposes consists of low-pressure boilers in ac-
cordance with the requirements of the ordinances; that the
boilers are covered with brick or asbestos and are operated
by janitors who are without any special skill, and that the
boilers require no more skill, care or attention than stoves
or heaters in every-day use; that the janitors do not re-
main in constant attendance upon the boilers, but after
starting the fires lock the boiler rooms and go about in the
discharge of other duties. The bill further alleges that on
July 22, 1912, the city of Chicago passed an ordinance sec-
tion 44 of which is as follows: "Apparatus to be installed
in buildings of class 6.—In class 6 buildings, containing
four or more apartments, there shall be in the boiler room
and in the janitor's quarters not less than one fire-ax and
one chemical extinguisher or portable hand pump." The
bill alleges that there are in the city of Chicago over 6000
other persons similarly situated with the plaintiffs in error;
that the officers of said city have notified complainants and

others similarly situated to comply with said section 44 and threaten prosecutions for· a failure to do so, and that unless plaintiffs in error comply with the ordinance the buildings will be ordered closed and large loss and damage result.   The bill alleges the ordinance is invalid, as not being an authorized exercise of power, and that unless the injunction prayed is granted a multiplicity of suits will result. A demurrer of defendants in error to the bill was sustained and the bill dismissed for want of equity.   The trial court certified that the validity of a municipal ordinance was involved and the public interest required the ordinance to be passed upon by the Supreme Court.

Plaintiffs in error's position is, that there is no express power given cities to require owners of private buildings to provide fire apparatus, and therefore the power is impliedly prohibited.   There is no dispute that a city organized under the Cities and Villages act can exercise only such powers as are expressly granted by the legislature and such as are necessarily implied from the powers expressly granted. If this ordinance is valid the authority to enact it must be found in the statutes.   A schedule of powers granted cities is enumerated in paragraph 62 of chapter 24 of Hurd's Statutes.   The ninety-eighth and last clause of that paragraph empowers cities to "pass all ordinances, rules, and make all regulations, proper or necessary, to carry into effect the powers granted to cities or villages, with such fines or penalties as the city council or board of trustees shall deem proper."   Among the powers granted by said paragraph 62 is authority (clause 61) to prescribe the thickness, strength and manner of constructing buildings and the construction of fire-escapes therein; authority (clause 63) to prevent the dangerous construction and condition of the boilers and apparatus used in and about any building and to cause all such buildings and enclosures as may be in a dangerous state to be put in a safe condition; authority (clause 66) "to regulate the police of the city or village,

and pass and enforce all necessary police ordinances;" authority (clause 78) to do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease.

In *Gundling* v. *City of Chicago,* 176 Ill. 340, and *Spiegler* v. *City of Chicago,* 216 id. 114, it was held an ordinance might derive its validity from several different grants of power and not depend solely upon any single clause or section of a statute. In *City of Chicago* v. *Gunning System,* 214 Ill. 628, the court considered the validity of an ordinance regulating the construction and location of billboards upon private property. It was contended by the Gunning System that no authority was conferred upon the city by the statute to enact the ordinance. The court held ample power was conferred by either clause 66 or 75, and said: "Paragraph 66 confers upon cities power 'to regulate the police of the city or village and pass or enforce all necessary police ordinances.' We held in the case of *McPherson* v. *Village of Chebanse,* 114 Ill. 46, that the power conferred under this clause is not limited in its application to the organization and regulation of a police force, but it is extended to embrace the subject matter of police regulation under the general police power of the State. * * * We think it clear that either under paragraph 66 or 75, *supra,* full power and authority are conferred upon cities, towns and villages to regulate the construction and use of bill-boards within their corporate limits, provided the regulation is not unreasonable." In *McPherson* v. *Village of Chebanse,* cited with approval in the above case, the power of a city to pass an ordinance imposing a penalty upon one keeping open his place of business on Sunday for the sale of goods, wares and merchandise was considered. The court held the power was granted by clause 66 of paragraph 62, and said: "It is insisted this clause only refers to the organization and regulation of a police force. We think this a too narrow construction,—that the clause is

not limited in its application to police officers, but may extend to and embrace a subject matter of police regulation under the general police power of the State." It has always been supposed that sufficient authority has been delegated cities to provide all reasonable regulations for the protection of the public health, morals or safety, and private rights are subject to this exercise of the police power. In *Wice* v. *Chicago and Northwestern Railway Co.* 193 Ill. 351, the court, speaking of clause 66, said: "The provision of the general Incorporation act is a delegation by the General Assembly to the city of Chicago of police power to pass and enforce all necessary police ordinances,—that is, ordinances necessary for the comfort, safety, health, convenience, good order and welfare of its inhabitants."

Without further reference to decided cases, we have no doubt, under the authorities, the city had ample power to pass the ordinance as a safeguard or protection to the public health, safety and welfare if the regulation was a reasonable one. True, to be sustained as an exercise of the police power the ordinance must tend in some degree toward the accomplishment of those objects. If it clearly had no reasonable relation to any of the subjects included in the police power the ordinance would be invalid as an unauthorized invasion of private rights. Cities, in enacting ordinances in the exercise of their police powers, must necessarily be allowed considerable discretion, and courts will not hold such ordinances void unless they clearly are so. Whatever may be thought or said of the wisdom of the ordinance, it can not be said that it is so clearly unreasonable as to render it invalid. This case is clearly distinguishable from *City of Chicago* v. *M. & M. Hotel Co.* 248 Ill. 264.

We are also of opinion the fact that plaintiffs in error's buildings had been constructed under permits from the city and in accordance with the then existing ordinances is no valid objection to this ordinance. All rights are subject to the police power of the State, and a citizen cannot acquire

a vested right of exemption from a proper and reasonable exercise of that power for the public health, safety or welfare.

The decree of the circuit court is affirmed.

*Decree affirmed.*