THE CITY OF CHICAGO, Defendant in Error, *vs.* P. F. PETTIBONE & Co., Plaintiff in Error.

*Opinion filed April 22, 1915.*

1. MUNICIPAL CORPORATIONS—*authority to pass any ordinance must be conferred by legislature.* The authority of a city to pass any ordinance must be found in some act of the legislature, and any reasonable doubt as to the existence of such authority must be resolved against the right of the municipality to its exercise.

2. SAME—*a city cannot compel employer to require fire drills.* Neither clause 63, 66 nor 78 of section 1 of article 5 of the Cities and Villages act authorizes a city to pass an ordinance requiring an employer to train his employees to avoid dangers from fire by means of fire drills and to equip his building with a fire alarm system for such drills, nor is such authority otherwise vested in the city by the legislature.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding.

FYFFE, RYNER & DALE, for plaintiff in error.

JOHN W. BECKWITH, Corporation Counsel, and ALBERT J. W. APPELL, Prosecuting Attorney, (ROMAN G. LEWIS, of counsel,) for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiff in error, P. F. Pettibone & Co., was found guilty in the municipal court of Chicago of a violation of sections 47 and 53 of an ordinance creating a bureau of

fire prevention and public safety, and was fined $100 and costs. The validity of these two sections of the ordinance being involved and the trial judge having certified that in his opinion the public interest required that the cause be taken directly to this court, plaintiff in error has sued out a writ of error from this court to review the judgment of the municipal court.

It is contended that said sections 47 and 53 of the ordinance in question are unconstitutional on the grounds that the city council of the city of Chicago did not have the power to pass them, that they are unreasonable, and that they take away property without due process of law.

Said section 47 is, in part, as follows: *"Fire drills— in what buildings required.*—Fire drills shall be conducted according to rules, methods and regulations prescribed by the chief of fire prevention and public safety in buildings and portions of buildings of the following classes :" Here follow eight subdivisions or clauses of the section defining the various classes of buildings in which fire drills of employees and school children are required to be conducted by the person, firm or corporation occupying or in charge of such buildings. It is conceded that the six-story building used by plaintiff in error as a stationery, printing and engraving establishment comes within one of the classes enumerated in this section and known as Class 1. Section 48 of the ordinance must be referred to in order to make section 53 intelligible. That section provides that except in Class 8 buildings, which are school buildings having a seating capacity for more than one hundred students, every person, firm or corporation occupying or in charge of any building thereinbefore required to have fire drills shall organize from among the employees of his or their respective building a fire brigade of such number of persons as may be necessary to carry out the purposes of the provisions of the ordinance during the hours such building is open for general use, and that such fire brigade shall

drill regularly, not less than once in each month, in a manner prescribed by the chief of fire prevention and public safety, and also perform test drills whenever required by the chief of fire prevention and public safety or his duly authorized representatives. Said section 53 is as follows:

"Sec. 53. *Fire alarm system—where required.*—A fire alarm system, as hereinafter specified, shall be installed in every building hereinbefore required to have fire drills, subject to the approval and supervision of the chief of fire prevention and public safety: *Provided, however,* that in Class 2a buildings, and in buildings equipped with automatic sprinkler systems or equipped with automatic fire alarm systems, only such a fire alarm system shall be required as may in the judgment of the chief of fire prevention and public safety be necessary to facilitate the work of the fire brigade maintained in such types of buildings."

In the view we take it will be necessary to discuss only the first ground urged for reversal. The authority of the city council to pass any ordinance must be found in some act of the legislature. Such authority is always strictly construed, and any reasonable doubt of its existence must be solved against the right of the municipality to its exercise. *Seeger* v. *Mueller,* 133 Ill. 86; *City of Chicago* v. *M. & M. Hotel Co.* 248 id. 264; *City of Chicago* v. *Mandel Bros.* 264 id. 206.

Defendant in error insists that it was granted power to pass said sections 47 and 53 of the ordinance by clauses 63, 66 and 78 of section 1, article 5, of the Cities and Villages act. These clauses of that statute are as follows:

"Sec. 1. The city council in cities, and the president and the board of trustees in villages, shall have the following powers: * * *

"*Sixty-third*—To prevent the dangerous construction and condition of chimneys, fire-places, hearths, stoves, stove-pipes, ovens, boilers, and apparatus used in and about any building and manufactory, and to cause the same to

be removed or placed in a safe condition, when considered dangerous; to regulate and prevent the carrying on of manufactories dangerous in causing and prompting (promoting) fires; to prevent the deposit of ashes in unsafe places, and to cause all such buildings and enclosures as may be in a dangerous state to be put in a safe condition.

*"Sixty-sixth*—To regulate the police of the city or village, and pass and enforce all necessary police ordinances.

*"Seventy-eighth*—To do all acts, make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease."

It must be apparent that no such power is granted by clause 63. That clause deals only with the construction and condition of buildings and the apparatus used in and about them. It contains no grant to regulate the personal relations between master and servant and contains no authority to require an employer to train his employees to escape most expeditiously and safely from a burning building. This clause is designed to prevent conditions that are liable to cause fires, whereas the sections of the ordinance involved are designed to deal entirely with a situation which arises after a fire is in progress.

The scope of clause 66 has been clearly defined in numerous decisions of this court. We have held that this clause is not a delegation of all the police powers of the State, and that municipalities, in the exercise of the police power, must be confined within the scope of municipal functions and to the subjects designated in their charters. (*City of Chicago* v. *M. & M. Hotel Co. supra; City of Chicago* v. *Mandel Bros. supra; People* v. *City of Chicago,* 261 Ill. 16.) The legislature has specifically enumerated a great number of subjects in regard to which police powers have been conferred upon the municipalities of the State. The express enumeration in the various clauses of said section 1 of article 5 of the Cities and Villages act of the subjects with reference to which a city may exercise the police

power is, under a well defined canon of construction, the exclusion of all others. (*City of Cairo* v. *Bross,* 101 Ill. 475; *People* v. *City of Chicago, supra; City of Chicago* v. *M. & M. Hotel Co. supra.*) Defendant in error has not pointed out, nor are we able to find among the subjects enumerated in the statute with reference to which a city is authorized to exercise police power, any which authorizes a city to require an employer to train his employees to avoid the dangers from fire by such means as fire drills. Section 47 of the ordinance is not authorized under said clause 66.

Clause 78 deals solely with the physical condition of the inhabitants of the municipality. This clause gives the undoubted right and power to a city to compel any employer or owner of a building to keep it in a sanitary condition. Section 47 of the ordinance does not pretend to require the classes of buildings therein designated to be kept in a healthful condition, but makes requirements entirely without the scope of clause 78. Authority to pass this section of the ordinance was not granted the city by clause 63, 66 or 78.

Section 53 of the ordinance provides for a fire alarm system, which, it is apparent, is merely incidental to the conduct of the fire drills and the work of fire brigades required to be maintained. It is wholly dependent upon section 47 for its efficiency, and it cannot be said that the council would have enacted this section standing alone. Without passing upon the right of the city to require the installation of proper fire alarm systems in the classes of buildings enumerated in section 47, that section being invalid, section 53, because of the relationship it bears to it, must necessarily fall with it.

The judgment of the municipal court is reversed.

*Judgment reversed.*