## City of Metropolis, Illinois, Appellant, v. Walter Moreland, Jr., Appellee.

1. MUNICIPAL CORPORATIONS—*what ordinance city has no authority to pass.* In a prosecution against a druggist for a violation of a city ordinance against keeping or maintaining, within the corporate limits of said city, any place in which any intoxicating liquor was received or kept for sale as a beverage, where it appeared that such druggist had received fifty bottles of whisky at his drug store, but he was not charged with selling it, and the controlling question was whether said city had legal authority to enact such ordinance, clause 46, sec. 1, art. V (J. & A. ¶ 1334) of the Act providing for the incorporation of cities and villages, and giving power to license, regulate and prohibit the selling of intoxicating liquors; and clause 66, giving power to "pass and enforce all necessary police ordinances," and clause 98, empowering cities to pass all ordinances and make all regulations proper or necessary to carry into effect the powers granted to cities or villages, considered and *held* that said city had not the authority to pass the ordinance in question.

2. MUNICIPAL CORPORATIONS, § 41*—*what powers city may exercise.* A city can only exercise such powers as are granted to it by the laws of the State, or such as are necessarily implied from those granted it, and the enumeration of powers operates to exclude such as are not enumerated, and if doubt exists concerning the grant of power, the doubt is to be resolved against the municipality.

3. MUNICIPAL CORPORATIONS—*when power to enact ordinance against sale of intoxicating liquor by druggist not implied.* In a prosecution against a druggist for a violation of a city ordinance providing that whoever should, within the corporate limits of said

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

city, keep or maintain any place in which any intoxicating liquor was received or kept for sale as a beverage, should, upon conviction, be fined, etc., where it appeared that such druggist had received fifty bottles of whisky at his drug store, but he was not charged with selling it, *held* that the power to enact the ordinance in question was not necessarily or fairly implied in, nor incident or indispensable to the power to license, regulate and prohibit the selling or giving away of intoxicating liquors.

Appeal from the Circuit Court of Massac county; the Hon. D. T. Hartwell, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

Roy R. Helm, for appellant; H. A. Evans, of counsel.

C. L. V. Mulkey, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

On September 27, 1915, the City of Metropolis, Illinois, incorporated under the general law, enacted an ordinance providing: ''Whoever shall, within the corporate limits of said City of Metropolis, Illinois, * * * keep or maintain * * * any place in which any intoxicating liquor * * * is received or kept * * * for sale as a beverage * * * shall upon conviction thereof be fined not less than $200.''
This ordinance was duly published and became operative October 11, 1915. Afterwards on November 18, 1915, Walter H. Moreland, Jr., a druggist of that place, was arrested for a violation of this ordinance, on a complaint which charged that he ''did keep and maintain a certain store room or place, being the building on Lot No. 318 in Block No. 28, in the City of Metropolis, Illinois, in which intoxicating liquor, to wit, whisky, is received and kept for sale as a beverage.'' On the trial of the case in the Circuit Court, on an appeal from a police magistrate who had

issued the warrant, the court, at the conclusion of the plaintiff's case, excluded the evidence offered by the plaintiff from the jury as inadmissible and directed a verdict of not guilty, on the theory that the ordinance under which the arrest was made was invalid. The city has brought the case here for review.

The evidence showed that appellee, on November 18, 1915, the day on which he was arrested, had received at his drug store fifty quart bottles of whisky. He was not charged with selling intoxicating liquor and there was no evidence that he, at any time, sold or offered to sell the whisky in question. It is contended by appellee that there was no proof tending to show that the whisky in question was purchased and received by him with intent to sell it as a beverage, in violation of the law, while the contention of appellant is that it is a fair inference to be drawn from the fact that appellee received and kept at his drug store fifty quart bottles of whisky, that he intended to sell the same in violation of the law, as a beverage. Regardless of this contention, however, the controlling question in this case, and the one we are called upon to determine, is did the City of Metropolis have legal authority to enact the ordinance under which the complaint was filed and the arrest made?

That a city can only exercise such powers as are granted it by the laws of the State, or such as are necessarily implied from those granted it, is a doctrine so well settled that no authorities need be here cited to support it. It is not contended by counsel for appellant that authority to enact this ordinance is expressly granted by the statute, but he claims that such authority is necessarily implied from clause 46, sec. 1, art. V (J. & A. ¶ 1334) of the Act providing for the incorporation of cities and villages. That clause gives cities the power, "To license, regulate and prohibit the selling or giving away of any intoxicating, malt,

vinous, mixed or fermented liquor.'' Not only does the enumeration of the powers granted a city operate to exclude such as are not enumerated, but it has also been held that if a doubt exists concerning the grant of power, the doubt is to be resolved against the municipality. *People v. Village of Oak Park*, 268 Ill. 256; *City of Chicago v. Ross*, 257 Ill. 76; *City of Chicago v. M. & M. Hotel Co.*, 248 Ill. 264; *City of Chicago v. Weber*, 246 Ill. 304. In *Haskell v. Howard*, 269 Ill. 550, the question for the decision of the court was the validity of an ordinance prohibiting individuals from maintaining, displaying or posting on private property within the limits of the City of Villa Grove any sign or advertisement of any wholesale or retail liquor dealer, and declaring the same to be a nuisance. The court there held that the city had the power to regulate the construction and use of billboards within its corporate limits, but that such regulation must be reasonable, and it was further said: ''The object of the ordinance here involved was not the control and regulation of either the construction, location or use of billboards, but the purpose of its enactment was to prohibit any sign or advertisement of any wholesale or retail liquor dealer being displayed within the corporate limits of the city. The prohibition was not merely against the display of such signs on billboards, but was against their being displayed or posted upon any vehicle, or in, on or about any building or premises in the corporate limits of the city. The ordinance purports to prohibit the posting or displaying of any advertisement of intoxicating liquor. No express power is given municipalities by the Cities and Villages Act to pass such an ordinance. If the power exists it must be implied from the powers expressly conferred. * * * The prohibition of such advertisements is unnecessary to and has no reasonable connection with the power to prohibit the sale of liquor in

said city.'' It was therefore held that the ordinance referred to was unauthorized and void.

In *Sullivan v. City of Oneida,* 61 Ill. 242, a provision in the city charter, empowering the city counsel to declare the selling, giving away or keeping on hand for sale, of any intoxicating liquor, a nuisance, was held not to confer the power to declare the keeping on hand of intoxicating liquor, for any purpose, a nuisance. In the case of *City of Christopher v. Massotti,* 173 Ill. App. 241, this court had under consideration an ordinance of the village of the City of Christopher, prohibiting, among other things, the storage of liquor within the corporate limits of the city for the purpose of future delivery, sale or distribution, and we there held that the ordinance was not within the power granted by the statute to cities, ''To license, regulate and prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor,'' and could not be sustained.

From the reasoning followed in the cases above cited, and in other cases bearing upon the subject, we conclude that the power to enact the ordinance in question here is not necessarily or fairly implied in nor incident or indispensable to the power to license, regulate and prohibit the selling or giving away of intoxicating liquors. Neither do we consider the power to pass this ordinance conferred by clause 66 of the section above referred to, which gives the city power to ''pass and enforce all necessary police ordinances,'' nor by clause 98 which empowers cities ''to pass all ordinances, rules and make all regulations proper or necessary to carry into effect the powers granted to cities or villages.'' It is not the purpose of either of these clauses to add anything substantial to the powers delegated to cities, but simply to authorize the enactment of proper ordinances to carry into effect the

powers so delegated. (*City of Chicago v. P. F. Pettibone & Co.*, 267 Ill. 573; *City of Chicago v. O'Brien*, 268 Ill. 228.) Under the view of the law as herein expressed, we are of opinion that the Legislature has not granted cities the authority to pass an ordinance such as the one in question, and that it is *ultra vires* and void. The court below therefore properly directed the jury to find the defendant not guilty and the judgment based on the verdict, given in accordance with that direction, must be affirmed.

*Judgment affirmed.*