(No. 11731.—Judgment affirmed.)
A. B. HARTMAN, Plaintiff in Error, *vs.* THE CITY OF CHI-
CAGO *et al.* Defendants in Error.

*Opinion filed February 20, 1918.*

1. MUNICIPAL CORPORATIONS—*a city may regulate construction
of buildings to prevent fire.* It is within the police power of a city
to regulate the construction and use of buildings for the protection
of persons and of property against destruction by fire, and if the
requirements of an ordinance having this end in view are adapted
to that purpose a court cannot interfere with their enforcement un-
less they are manifestly unreasonable.

2. SAME—*court will not hold ordinance void unless manifestly
unreasonable.* A court will not hold an ordinance void as unrea-
sonable where there is room for a fair difference of opinion upon
the question, even though the correctness of the legislative judg-
ment may be doubtful and the court may regard the ordinance as
not the best which might be adopted for the purpose.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. OSCAR E. HEARD, Judge, presiding.

A. G. DICUS, for plaintiff in error.

SAMUEL A. ETTELSON, Corporation Counsel, (LEON
HORNSTEIN, of counsel,) for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Cook county dismissed a petition
for *mandamus* against the city of Chicago and its commis-
sioner of buildings to require the issuance of a building per-

mit, and the validity of a municipal ordinance being involved the petitioner sued out a writ of error from this court, the trial judge having certified that in his opinion the public interest so required.

The only question in the case is the reasonableness of section 605 of the Chicago code of 1911. That section, so far as material here, provides that in all buildings of ordinary construction, where the use of wood lath and plaster is permitted, such wood lath and plaster shall be done in accordance with certain specifications contained in the section, and that in every such building containing one or more rooms used for habitation or living purposes the walls and ceilings of all rooms, including stores, (except basement and attic rooms not used for habitation or living purposes,) shall be covered with not less than two coats of plaster of the thickness and quality prescribed in the section, provided that where such building of ordinary construction containing one or more living rooms is more than one story and basement in height and contains a room or rooms used for the purposes of class "I" as defined in the ordinance, a metal ceiling may be installed in such room according to certain specified provisions, which require the ceiling of the room to be first plastered with a coat of plaster on wood lath, the material, dimensions and manner of application being specified, as well as the means, material and manner of application of the metal ceiling. The petitioner proposed to erect a two-story brick building, the first floor to be occupied as a store and the second as a dwelling, and presented to the commissioner of buildings the plans, indicating that the ceiling and walls of the first floor would be covered with a metal ceiling without any lath or plaster behind or above it. The commissioner of buildings refused to issue the building permit because the plans did not conform to the ordinance. An answer was filed to the petition, and the court hearing the cause without a jury found the issues for the defendants.

The plaintiff in error in the opening of his argument states that "if metal plates of twenty-nine gauge are as good or a better fire retarder than plaster over wooden lath, petitioner is entitled to the writ of *mandamus* in this case to compel the building permit to issue." He states that ten witnesses for the plaintiff in error testified that twenty-nine gauge metal ceilings or side walls were better retarders of fire and better fire preventives than plaster over wood lath, and that three witnesses for the respondents testified to the contrary, and his entire argument is devoted to consideration of the testimony of these witnesses and the establishment of this proposition of fact. This is not, however, the question for our decision. It is clearly within the police power which may be exercised by a city, to regulate the construction and use of buildings for the protection of the lives and safety of citizens, as well as their property against destruction by fire. If the requirements of an ordinance having this end in view are adapted to that purpose a court cannot interfere with their enforcement unless they are manifestly unreasonable. (*City of Chicago* v. *Mandel Bros.* 264 Ill. 206.) The extent to which the public safety requires the construction of buildings to be regulated, the materials which may be used and the method of construction are questions which are left to the judgment and discretion of the city council to determine, and unless the exercise of such judgment and discretion is manifestly unreasonable the courts will not interfere with it. A court will not hold an ordinance void as unreasonable where there is room for a fair difference of opinion on the question, even though the correctness of the legislative judgment may be doubtful and the court may regard the ordinance as not the best which might be adopted for the purpose. The evidence is not convincing that the ordinance is manifestly unreasonable, and it does not appear upon its face to be so.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*