HARRY GUNDLING

v.

THE CITY OF CHICAGO.

*Opinion filed October 24, 1898—Rehearing denied December 7, 1898.*

1. STATUTES—*general words following specific enumeration are limited in meaning.* General words following an enumeration of particular things will include only such things or objects as are of the same kind as those specifically mentioned.

2. SAME—*the term "all other provisions" does not include tobacco.* The term "all other provisions," used in paragraph 50 of section 1 of article 5 of the City and Village act, (Rev. Stat. 1874, p. 221,) empowering the city council "to regulate the sale of meats, poultry, fish, butter, cheese, lard, vegetables and all other provisions," etc., does not include tobacco.

3. MUNICIPAL CORPORATIONS—*an ordinance may derive its validity from several grants of power.* An ordinance may derive its validity from several different grants of power, and does not depend solely upon any single section or clause of a statute.

4. SAME—*power of caring for health of the community is inherent in a municipality.* The preservation of the public health being indispensable to the existence of a municipal corporation, the power to enact ordinances to that end is inherent in a municipality, and may be exercised as an implied power, whether expressly granted or not.

5. SAME—*council may license and regulate sale of cigarettes.* Under paragraphs 66 and 78 of section 1 of article 5 of the City and Village act, concerning the power of the city council to pass police regulations for the protection of the public health, the council may prohibit the sale of cigarettes near school houses and provide for a license to sell the same in other places.

6. SAME—*council may regulate the sale of cigarettes without regulating tobacco in other forms.* It being the consensus of opinion that cigarettes are injurious to the young, and it being well known that the young are more likely to use cigarettes than other forms of tobacco, a city council, in the exercise of its police power, may single out, regulate and license the sale of tobacco in that particular form.

7. SAME—*cigarette ordinance violates no constitutional property right.* An ordinance regulating and imposing license on the sale of cigarettes and providing a penalty for its violation, which is uniform in its application, infringes no property right guaranteed by either the State or the United States constitution.

8. SAME—*when a party cannot raise question of delegation of council's power to mayor.* One who has violated an ordinance imposing a uni-

form license fee for the privilege of selling cigarettes, and who has never been refused a license, is not in a position to raise the question that the ordinance is void for delegating to the mayor the discretionary power of granting or refusing such licenses.

CARTWRIGHT, J., dissenting.

APPEAL from the Criminal Court of Cook county; the Hon. W. G. EWING, Judge, presiding.

CHARLES H. ALDRICH, (LEE D. MATHIAS, of counsel,) for appellant:

When the charter of municipal corporations, or the general Incorporation act, under which a city is organized, provides what powers shall be exercised by the common council, the enumeration of those powers implies the exclusion of all others. Paragraphs 50 and 53 of section 63, chapter 24, of the Revised Statutes, do not authorize the enactment of this ordinance. Endlich on Interp. of Stat. sec. 405; *In re Swigert,* 119 Ill. 83; *Cairo* v. *Bross,* 101 id. 475; *Emmons* v. *Lewiston,* 116 id. 265; *Cecil* v. *Green,* 161 id. 265; *Hotelling* v. *Chicago,* 66 Ill. App. 289; *Vosse* v. *Memphis,* 77 Tenn. 294.

The common council has no authority to enact the ordinance under the 66th and 78th paragraphs of section 63 of chapter 24. *Cairo* v. *Bross,* 101 Ill. 475; Tiedeman on Mun. Corp. sec. 146; Dillon on Mun. Corp. secs. 316, 364; *Rock Island* v. *Huesing,* 128 Ill. 465; *Sherman* v. *Fort Wayne,* 127 Ind. 109; *Kinsley* v. *Chicago,* 124 Ill. 359; *Barling* v. *West,* 29 Wis. 307; *Emmons* v. *Lewiston,* 132 Ill. 380; *Sherman* v. *Fort Wayne,* 127 Ind. 109.

The common council of a municipal corporation can not delegate a power conferred upon it by statute to one of its officers. Dillon on Mun. Corp. (4th ed.) sec. 96; *East St. Louis* v. *Wehrung,* 50 Ill. 28; *Kinmundy* v. *Mahan,* 72 id. 462; *Chicago* v. *Trotter,* 136 id. 430; *Cass* v. *People,* 166 id. 126; *Bradford* v. *Pontiac,* 165 id. 612; *Cairo* v. *Coleman,* 53 Ill. App. 680; *In re Elliott,* 11 Manitoba, 358.

The ordinance in question and the judgment of the court in this case are both unconstitutional, depriving persons of liberty and property without due process of law, in violation of the constitution of the State of Illinois and in contravention of the fourteenth amendment of the constitution of the United States, which in part provides that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." *Chilvers* v. *People*, 11 Mich. 49; *Sherman* v. *Fort Wayne*, 127 Ind. 109; Tiedeman on Mun. Corp. 294, 295; *State* v. *Goodwill*, 33 W. Va. 179; *Peoria* v. *Gugenheim*, 61 Ill. App. 374; 46 Cent. L. J. 166; *Frorer* v. *People*, 141 Ill. 171; *Ritchie* v. *People*, 155 id. 98; *Ramsey* v. *People*, 142 id. 380; Cooley's Const. Lim. 198; *Railroad Co.* v. *Chicago*, 166 U. S. 226; 1 Black on Judgments, sec. 257; Freeman on Judgments, (3d ed.) sec. 624; *Ex parte Siebold*, 100 U. S. 371; *Scott* v. *McNeal*, 154 id. 34.

HOWARD S. TAYLOR, City Prosecutor, and GEORGE McA. MILLER, Assistant, for appellee:

Clause 50 of section 1 of article 5 of chapter 24 of the Revised Statutes gives to cities, towns and villages the power "to regulate the sale of meats, poultry, fish, butter, cheese, lard, vegetables and all other provisions, and to provide for place and manner of selling the same." The power to regulate includes the power to license. It is upon this theory that we claim express authority for the license of the sale of tobacco. *Chicago Packing Co.* v. *Chicago*, 88 Ill. 221; *Kinsley* v. *Chicago*, 124 id. 359.

If cigarettes are "provisions" of the same class as those enumerated in clause 50, it follows inevitably that the sale of them can be made subject to license. The Standard Dictionary says: "Provisions are means or material made ready or collected for future use; a store of things

requisite for some purpose." Webster's Unabridged and International Dictionaries give practically the same definition. The Century Dictionary says: "Provisions are an accumulation of stores or materials beforehand; specifically a stock of food provided." The legislature, in clause 53 of the same section, has made practically the same classification, ending with "other provisions," and has included tobacco in the list of enumerated articles. The clause referred to reads as follows: "To provide for and regulate the inspection of meats, poultry, fish, butter, cheese, lard, vegetables, cotton, tobacco, flour, meal and other provisions."

The meaning of general terms used in one section of a statute may often be determined from the language used in another section in immediate juxtaposition. Endlich on Interp. of Stat. sec. 404.

The fact that tobacco may be classed as a luxury does not take it out of the list of provisions. Wine and brandy have been held to be provisions, and yet they may as properly be classed as luxuries as may tobacco. *Mooney* v. *Evans*, 6 Ired. 363.

If there were no express authority for requiring a license for the sale of cigarettes, we contend that the ordinance is valid under clauses 53, 66 and 78 of article 5 above cited, which read as follows:

53. "To provide for and regulate the inspection of meats, poultry, fish, butter, cheese, lard, vegetables, cotton, tobacco, flour, meal and other provisions."

66. "To regulate the police of the city or village, and pass and enforce all necessary police ordinances."

78. "To do all acts, make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease."

An ordinance may derive its validity from several different grants of power, not depending wholly upon any single section or clause of a statute. *Kinsley* v. *Chicago*, 124 Ill. 359.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This case was tried on an agreed statement of facts, which showed that the city of Chicago, by its city council, adopted an ordinance which provides by section 1 that the mayor shall, from time to time, grant licenses authorizing the sale of cigarettes. It further provides what formalities shall be observed by the applicant in making his application, such as a bond to obey the laws, affidavit of good character and reputation, etc., and gives to the mayor a discretion to determine whether a license shall be issued. Section 2 provides for a license fee of $100 per year, and that no license shall be granted to sell cigarettes within two hundred feet of a school house. Section 3 provides that every license granted shall be at the rate of $100 per year. Section 4 grants the power to the mayor to revoke any license for cause. Sections 5 and 6 provide the manner of selling cigarettes. Section 7 makes the commissioner of health the general supervisor and inspector to see that the sale of cigarettes is carried on according to law. Section 8 prescribes the penalty for the violation of the terms of the ordinance. Section 9 is, that the ordinance shall be in force after its due passage and publication. The statement further shows that appellant, on or about the 31st day of December, 1897, while said ordinance was in force and after the same had been duly published, did have, keep and expose for sale, and offer to sell, cigarettes within the city of Chicago without having first procured a license, as required by said ordinance.

The defendant was convicted before a justice of the peace and a fine of $50 and costs entered against him, from which he prosecuted an appeal to the criminal court of Cook county, where, on trial on the foregoing statement of facts, he was found guilty and a fine of $50 assessed against him. Motions for a new trial and in

arrest of judgment were overruled, to which he excepted, and judgment was entered against him.

The defense was based on the ground that the ordinance in question, as enacted by the city council, was not within the powers delegated to the city by the legislature and hence was null and void, and that the ordinance and judgment of the court deprived the appellant of liberty and property without due process of law, in violation of the constitution of the State of Illinois and of the fourteenth amendment of the constitution of the United States, which latter in part provides: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." The contention of appellee is, the power to enact this ordinance is expressly granted by paragraph 50 of section 1 of article 5, chapter 24, of our Revised Statutes, which provides the common councils of cities shall have power "to regulate the sale of meats, poultry, fish, butter, cheese, lard, vegetables and all other provisions, and to provide for place and manner of selling the same." The power to license and regulate the sale of cigarettes, it is contended, is included within that paragraph, and that the term "all other provisions" includes tobacco in the list of enumerated articles by the language as used.

The articles, meats, poultry, fish, butter, cheese and lard, which are expressly enumerated in the above paragraph and the power expressly given therein to regulate the sale thereof, are articles of food for man, and include by the express enumeration of articles only provisions to be used for man. The term "other provisions," by a familiar canon of construction, can extend only to articles of the same character as those specifically enumerated. When general words follow an enumeration of particular things, such words must be held to include only

such things or objects as are of the same kind as those specifically enumerated. (*In re Swigert*, 119 Ill. 83; *Cecil* v. *Green*, 161 id. 265; *Emmons* v. *City of Lewistown*, 132 id. 380.) Lexicographers have given to the term "provisions" a broader meaning than that of food for man. The meaning of general terms used in a statute, or in one section thereof, may be often determined from the connection in which the language is used and the purpose to be subserved. Paragraph 50 above, providing for the regulation of the sale of certain enumerated articles of food for man of daily consumption, followed by the general term "all other provisions," cannot be held to include in the term "all other provisions" such an article as tobacco in any of its various forms. Although it may be an article of frequent use, yet it is not included within the meaning of the term "food for man." The contention of appellant is that no express power is given to regulate the sale of tobacco by the provisions of paragraph 50. We hold that contention of appellant must be sustained, and that by paragraph 50 no power is given to the city council to regulate the sale of tobacco.

It is insisted by appellee that if no express authority for licensing the sale of cigarettes is given under paragraph 50 above quoted, the power exists as an implied power under paragraphs 53, 66 and 78 of said section 1, which provide as follows:

"*Fifty-third*—To provide for and regulate the inspection of meats, poultry, fish, butter, cheese, lard, vegetables, cotton, tobacco, flour, meal and other provisions."

"*Sixty-sixth*—To regulate the police of the city or village, and pass and enforce all necessary police ordinances."

"*Seventy-eighth*—To do all acts, make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease."

An ordinance may derive its validity from several different grants of power, and not depend solely upon any

single section or clause of a statute. (*Kinsley* v. *City of Chicago*, 124 Ill.' 359.) An implied power of a municipal corporation is a power necessarily incident to the exercise of those powers expressly granted and directly and immediately appropriate to their exercise. (*People ex rel.* v. *Chicago Gas Trust Co.* 130 Ill. 268; *Chicago and Northwestern Railway Co.* v. *City of .Chicago*, 148 id. 141; *Mather* v. *City of Ottawa*, 114 id. 659.) The power to regulate the sale of an article includes the power to require a license to authorize the sale thereof. (*Farwell* v. *City of Chicago*, 71 Ill. 269; *Chicago Packing Co.* v. *City of Chicago*, 88 id. 221; *Kinsley* v. *City of Chicago, supra.*) The licensing of a sale of an article is a legitimate means of regulating its sale.· (*Chicago Packing Co.* v. *City of Chicago, supra.*) By the paragraphs above quoted power is expressly given· the city to provide for and regulate the inspection of various enumerated articles, including tobacco, and this would include the various forms in which that product is prepared and used. The purpose of conferring this power of providing for and regulating the inspection of those various enumerated articles is to subserve the public welfare and protect the public health. The measure has relation to the public health and is required in that interest. With this object evidently in view the legislature passed an act approved June 15, 1887, in force July 1, 1887, entitled "An act to prohibit selling, giving or furnishing tobacco, in any of its forms, to minors, and providing a penalty therefor." Section 1 of said act provides: "That hereafter no person or· persons in this State shall sell, buy for or furnish any cigar or cigarette, or tobacco in any of its forms, to any minor under sixteen years of age, unless upon the written order of parent or guardian." Section 2 provides that if any person or persons shall violate the provisions of section 1, he, she or they shall, on conviction thereof, forfeit and pay for each offense the sum of $20. The object and purpose of this enactment were to subserve and protect the health and welfare of the

class of persons to whom the act refers and to whom a sale is forbidden. The consensus of opinion in reference to the use of cigarettes is, that they are injurious to the young with immature minds, and common observation causes us to know that tobacco in the form of cigarettes is more largely used by those of young and immature minds than by any other class.

It is urged by appellant that the city council has no right to single out a particular form of manufactured tobacco and provide for its regulation, and require a license for its sale, without making the requirement apply to all the forms in which tobacco may be used. It being well known that young persons of weak and immature minds are more liable to use tobacco in the form of cigarettes than in any other form, a legislative body may properly provide for the regulation and sale of that article in the form in which it is likely to be most deleterious and injurious, and may restrict the sales of that particular form of tobacco. Paragraph 66 before quoted expressly authorizes the adoption of ordinances necessary to police power, and paragraph 78 is an express authorization of the city council to make all regulations necessary or expedient for the promotion of health or the suppression of disease. Under these two provisions express authority is granted the municipality to pass all ordinances or requirements tending to promote the public health, morals, security, comfort and welfare of the community. Such legislation is included within the provision authorizing the enactment of police regulations. The most important of police powers is that of caring for the health of the community, and that is inherent in a municipality, and may be exercised whether expressly granted or not, because the preservation of the health of the public is indispensable to the existence of the municipal corporations. *Ferguson* v. *City of Selma*, 43 Ala. 400.

The regulation of the police power is hardly susceptible of exact definition, as the exigencies of each case

are varying, and the cases are innumerable where the health of the inhabitants of the municipality may be in some degree endangered. When the city council considers some occupation or thing dangerous to the health of the community, and in the exercise of its discretion passes an ordinance to prevent such a danger, it is the policy of the law to favor such legislation as being humane and essential to the preservation and protection of the community. Municipalities are allowed a.greater degree of liberty of legislation in this direction than any other. The necessity for action is often more urgent and the consequences of neglect are more detrimental to the public good in this than in any other form of local evil. It being clear that the public health and welfare of a large class in the community would be subserved and protected by ordinances regulating the sale of tobacco in one of its manufactured forms, an ordinance directed to the protection of the health or welfare of that particular class of the community would be a police regulation within the power of a city to enact under the power expressly granted by paragraphs 66 and 78. An ordinance of this character is not in conflict with any principle of the common law or with any public or general statute, and infringes no private right not necessarily infringed in the interests of good government. It subserves the public welfare, protects the health of the community, and is included within the express powers granted the city council. The ordinance was not void.

Neither did the ordinance and the judgment of the court deprive the appellant of liberty or property without due process of law. The city having the authority to enact the ordinance and provide a penalty for its violation, which ordinance applies to all citizens within the community, no principle of the constitution of the State of Illinois or of the United States, or the amendments thereto, was violated.

Appellant insists that the ordinance is void because it delegates to the mayor the power to determine whether the license should be granted. In *Swarth* v. *People*, 109 Ill. 621, it was said (p. 626): "It is true, the ordinance prescribing the duties of the mayor in issuing licenses says that he shall, under certain circumstances, 'grant' licenses to certain persons, while the statute authority to 'grant' such licenses is given only to the city council; but the substance of the ordinance is that the city council grants licenses to a certain class of persons upon certain conditions, by authorizing the mayor to 'grant'—that is, to issue,—or cause license to be issued when the conditions are complied with. This is not a delegation to the mayor of the power of the council. We see no objection to the *form* in which this power of the council is exercised or the mode in which the license was issued." The ordinance, by its terms, fixes the rate per annum to be charged for a license, and regulates the price and object of sale of the particular article to which it refers, all of which is enacted by the city council. That license is to be granted or issued by the mayor, and thus carrying out the express will of the city council as to issuing the license is not exercising a power conferred on the city council, but is a method by which the council exercises its power as to the manner in which the license is to be issued. In this there is no delegation to the mayor of the power of the city council. The appellant, however, is not in a position to raise this question, from the facts appearing in this record. He was not an applicant for a license, which had been refused him, but was before the court admitting that he had violated an ordinance of the city of Chicago duly passed and published, and denying the right of the city to adopt such ordinance regulating the sale of cigarettes. He is not in a position to invoke the judgment of this court as to his right to a license, nor is that question before us.

We are of the opinion that the ordinance was within the express powers granted to the city council, and the judgment of the court was not violative of any provision of the State or Federal constitution.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT, dissenting.