### Albert Breitung et al. v. City of Chicago et al.

1. INJUNCTIONS—*To Restrain the Enforcement of Ordinances.*—A bill for an injunction to prevent the enforcement of an ordinance of the city of Chicago relating to the sale of cigarettes is properly dismissed for want of equity.

**Bill for an Injunction.**—Error to the Circuit Court of Cook County. Heard in Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed November 8, 1900. Rehearing denied.

COLLINS & FLETCHER, attorneys for plaintiffs in error.

CHARLES M. WALKER, corporation counsel, WILLIAM HOWARD FITZGERALD and COLIN C. H. FYFFE, assistant corporation counsel, attorneys for defendants in error.

MR. JUSTICE HORTON delivered the opinion of the court. Plaintiffs in error (complainants below) filed their original

and supplemental bills of complaint against defendants in error (defendants below) to which general demurrers were filed by defendants. The purpose and scope of said bills are to prevent the enforcement of the ordinance of said city of Chicago, relating to the sale of cigarettes. Affidavits were also filed by complainants in support of their motion that an injunction be granted pursuant to the prayer of said bills. Said motion for an injunction was denied and said demurrers were sustained by the court below. Complainants having elected to abide by their said bills of complaint, the same were dismissed for want of equity. This case is brought to this court to reverse said decree.

As recently held by this court, the Circuit Court had jurisdiction to entertain said bills and to grant relief under the same. City of Chicago v. Wilkie, 88 Ill. App. 315.

Substantially every point presented by plaintiffs in error has been passed upon in Gundling v. City of Chicago, 176 Ill. 340, which was affirmed by the Supreme Court of the United States in an opinion handed down April 9, 1900. Gundling v. City of Chicago, 177 U. S. 183.

In the Gundling case the validity of the ordinance as to the questions here complained of and its enforcement were involved. It is therefore deemed hardly necessary to do more than to refer to the opinions of the two courts in that case. It is perhaps due to counsel to say that the opinion of the Supreme Court of the United States in that case was not handed down until the very day that the original printed argument of counsel for plaintiffs in error in the case at bar was filed in this court. In their reply argument, however, counsel seek to show that neither of the reviewing courts passed upon the question here presented upon the averment in the bill that a license fee of $100 amounts to a prohibition or suppression of the sale of cigarettes, and that said ordinance is therefore unconstitutional and void.

The averment as to the effect of the ordinance in question is the conclusions of the pleader, and is not admitted as an existing fact by filing the demurrer.

As before stated, the Gundling case in effect disposes of all the questions here presented. True, the Supreme Court does not specifically refer to one or two points here urged, but all the provisions of the ordinance now complained of were before that court.

It is not for us to question the correctness of the decisions referred to, even if we desired so to do. The decision of the Circuit Court is affirmed.