## ILLINOIS CIGARETTE SERVICE CO. v. CITY OF CHICAGO et al.

### ROWE MFG. CO., Inc., v. SAME.

### Nos. 6134, 6139.

Circuit Court of Appeals, Seventh Circuit.

April 29, 1937.

Allan J. Altheimer, of Chicago, Ill., for appellant Rowe Mfg. Co.

Charles P. Schwartz, of Chicago, Ill., for appellant Illinois Cigarette Service Co.

Barnet Hodes, Corp. Counsel, of Chicago, Ill. (Martin H. Foss, Asst. Corp. Counsel, of Chicago, Ill., of counsel), for appellees.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

In view of the similarity of the questions involved, these two appeals will be

disposed of in one opinion. In 6139 appellant is a nonresident manufacturer of automatic cigarette vending machines, who sells to appellant in 6134. The latter purchases these machines and leases them in large numbers to persons in the City of Chicago. Each of appellants filed bills in chancery to enjoin the city from enforcing a certain ordinance prohibiting the use of vending machines for the sale or distribution of cigarettes. The District Court dismissed the bills for want of equity, and these appeals followed.

In force in the City of Chicago are certain sections of an ordinance dealing with cigarettes. These contain regulatory provisions prohibiting sales to minors, sales within 300 feet of schools, sales of cigarettes containing deleterious or poisonous drugs; imposing upon the health department the duty of inspection, to prevent traffic in cigarettes containing deleterious substances and unsanitary conditions in selling places.

The particular section complained of was added by an act of December 2, 1936, as an amendment to the previous sections, as follows:

"No person, firm or corporation, with or without a retail tobacco dealer's license, shall locate, install, keep, maintain or use, or permit the location, installation, keeping, maintenance or use upon his or its premises of any vending machine, automatic vending machine or coin-controlled or coin-operating machine or other mechanical device used or intended to be used for the sale or distribution of cigarettes.

"Section 2. This ordinance shall be in full force and effect from and after its passage and due publication."

Appellants contend that the amendatory ordinance is invalid and unconstitutional; that it is not within the legislative power of the City of Chicago; that its effect is to deprive them of their property without due process of law, in violation of section 2, article 2 of the Constitution of Illinois and of the Fourteenth Amendment to the Constitution of the United States; that it is not necessary or expedient for the promotion of health; that it prohibits a legal business rather than subjecting it to reasonable rules and regulation; and that it unreasonably and arbitrarily discriminates between persons and businesses of the same general class and character.

The City of Chicago is a municipality organized under the statutes of the State of Illinois. Its legislative powers are those expressly granted by statute and such others as are reasonably incidental to the grant. Klever Karpet Kleaners v. City of Chicago, 323 Ill. 368, 154 N.E. 131, 49 A.L.R. 103. Section 53 of article 5 of the Cities and Villages Act (Smith-Hurd Ill.Stats. c. 24, § 65.52) grants to the city power to regulate inspection of tobacco; section 66 (Smith-Hurd Ill.Stats. c. 24, § 65.65), to regulate the police of the city and to adopt all necessary police ordinances; and section 78 (Smith-Hurd Ill.Stats. c. 24, § 65.77), to do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease.

The police power of a municipality is a most important one, as it has to do with the safety and health of the community, and ordinances in promotion of such welfare are to be liberally construed. Biffer v. City of Chicago, 278 Ill. 562, 116 N.E. 182. Acts which are injurious to the public may be suppressed, prohibited, or regulated, and all private rights must yield to the exercise of this paramount power. Koy v. City of Chicago, 263 Ill. 122, 104 N.E. 1104, Ann.Cas.1915C, 67; City of Chicago v. Arbuckle Bros., 344 Ill. 597, 176 N.E. 761.

Following these principles the Supreme Court in Gundling v. City of Chicago, 176 Ill. 340, 52 N.E. 44, 45, 48 L.R.A. 230, held that the city had power to enact the original ordinance, to which the section being considered is an amendment, saying: "It being well known that young persons of weak and immature minds are more liable to use tobacco in the form of cigarettes than in any other form, a legislative body may properly provide for the regulation and sale of that article in the form in which it is likely to be most deleterious and injurious, and may restrict the sales of that particular form of tobacco. * * * It being clear that the public health and welfare of a large class in the community would be subserved and protected by ordinances regulating the sale of tobacco in one of its manufactured forms, an ordinance directed to the protection of the health or welfare of that

particular class of the community would be a police regulation within the power of a city to enact under the power expressly granted by paragraphs 66 and 78. An ordinance of this character is not in conflict with any principle of the common law, or with any public or general statute, and infringes no private right not necessarily infringed in the interests of good government. It subserves the public welfare, protects the health of the community, and is included within the express powers granted the city council. The ordinance was not void. Neither did the ordinance and the judgment of the court deprive the appellant of liberty or property without due process of law. The city having the authority to enact the ordinance and provide a penalty for its violation, which ordinance applies to all citizens within the community, no principle of the constitution of the state of Illinois or of the United States, or the amendments thereto, was violated."

The decision was affirmed in Gundling v. Chicago, 177 U.S. 183, 20 S.Ct. 633, 635, 44 L.Ed. 725, where the Supreme Court said:

"Regulations respecting the pursuit of a lawful trade or business are of very frequent occurrence in the various cities of the country, and what such regulations shall be and to what particular trade, business, or occupation they shall apply are questions for the state to determine, and their determination comes within the proper exercise of the police power by the state, and unless the regulations are so utterly unreasonable and extravagant in their nature and purpose that the property and personal rights of the citizen are unnecessarily, and in a manner wholly arbitrary, interfered with or destroyed without due process of law, they do not extend beyond the power of the state to pass, and they form no subject for Federal interference.

"As stated in Crowley v. Christensen, 137 U.S. 86, 11 S.Ct. 13, 34 L.Ed. 620, 'the possession and enjoyment of all rights are subject to such reasonable conditions as may be deemed by the governing authority of the country essential to the safety, health, peace, good order, and morals of the community.'"

It is conclusively established, therefore, that the enactment of the original ordinance and any amendment thereto for the purpose of carrying out the original expressed purposes was within the legislative power of the municipality and that both are valid, unless it can be said that the amendatory ordinance is "so utterly unreasonable and extravagant" in its nature and purpose that "the property and personal rights of the citizen are unnecessarily, and in a manner wholly arbitrary, interfered with or destroyed without due process of law."

The evil sought to be reached by forbidding the sale of cigarettes in automatic vending machines was the purchase of cigarettes by immature minors. Automatic vending machines, in order to achieve their purpose, namely, dispensing with salesmen and making facile the purchase of goods without the intervention of human service, are placed in localities easily accessible to the public, are inanimate and automatic, and respond equally efficiently to coins placed therein by a boy or girl as to coins inserted by an adult. If placed behind counters in stores, intervention of salesmen becomes essential, either in the deposit of coins or in admitting the purchasing public back of the counter. Such restriction quite naturally tends to destroy the use of and demand for automatic service.

Clearly, within the authorities cited, the city has the right to enact such legislation as will prevent sale of cigarettes to minors and to take all reasonable steps necessary to prevent such action. Having power to prohibit such sales entirely, the power to regulate and reasonably to prevent the sales follows. Austin v. Tennessee, 179 U.S. 343, 21 S.Ct. 132, 45 L. Ed. 224; Kappes v. City of Chicago, 119 Ill.App. 436. The power of the municipality to legislate and the proper exercise of such power, courts are very reluctant to and may not interfere with except when the legislation arbitrarily interferes with private rights. The case must be clear and strong to justify the judiciary in annulling the action of a legislative body acting within the scope of its authority. Hawes v. City of Chicago, 158 Ill. 653, 42 N.E. 373, 30 L.R.A. 225; People ex rel. v. Oak Park, 266 Ill. 365, 107 N.E. 636.

In Gundling v. City of Chicago, 176 Ill. 340, 52 N.E. 44, 46, 48 L.R.A. 230, the court said: "When the city council considers some occupation or thing dangerous to the health of the community, and, in the exercise of its discretion, pass-

es an ordinance to prevent such a danger, it is the policy of the law to favor such legislation as being humane and essential to the preservation and protection of the community. Municipalities are allowed a greater degree of liberty of legislation in this direction than any other."·

· The purpose of the legislation was humane, namely, to prevent a thing deemed to be dangerous to the health of the community, and we are unable to see any reason why under the Constitution of Illinois or that of the United States we may properly hold this legislation invalid.

It is said that the legislation is not regulatory but prohibitory and confiscates property without due process of law. But these vending machines are the property of one of appellants and remain its property. It may remove them, transport them, lease them elsewhere, or utilize them in any manner in the City of Chicago not in conflict with the ordinance or make any such adaptation to other proper purposes as may be necessary. The mere illegality of the use of the property, when once ordained under and by virtue of the police power of the state, affords no grounds for complaint by the owner. Prohibition of the use of property previously acquired, by virtue of legislation justified under the police power, by which all are bound and under which all operate, violates no constitutional rights if reasonably necessary to enforce the police power. The language of Mr. Justice Harlan in Booth v. Illinois, 184 U.S. 425, 22 S.Ct. 425, 427, 46 L.Ed. 623, is pertinent. It follows: "A calling may not in itself be immoral, and yet the tendency of what is generally or ordinarily or often done in pursuing that calling may be towards that which is admittedly immoral or pernicious. If, looking at all the circumstances that attend, or which may ordinarily attend, the pursuit of a particular calling, the state thinks that certain admitted evils cannot be successfully reached unless that calling be actually prohibited, the courts cannot interfere, unless, looking through mere forms. and at the substance of the matter, they can say that the statute enacted professedly to protect the public morals has no real or substantial relation to that object, but is a clear, unmistakable infringement of rights secured by the fundamental law."

Nor are we concerned with the wisdom or lack of wisdom or the propriety of the policy inspiring the enactment. Its harshness or the hardship it may produce, if it be justified by the police power, gives to the judiciary no right to grant relief. As the court said in the last-mentioned case: "The statute here involved may be unwise. But an unwise enactment is not necessarily, for that reason, invalid. It may be, as suggested by counsel, that the steady, vigorous enforcement of this statute will materially interfere with the handling or moving of vast amounts of grain in the West which are disposed of by contracts or arrangements made in the Board of Trade in Chicago. But those are suggestions for the consideration of the Illinois legislature. The courts have nothing to do with the mere policy of legislation." See, also, Norman v. Baltimore & Ohio, 294 U.S. 240, 55 S.Ct. 407, 79 L. Ed. 885, 95 A.L.R. 1352; Powell v. Pennsylvania, 127 U.S. 678, 8 S.Ct. 992, 1257, 32 L.Ed. 253; Missouri Pacific Railway v. Humes, 115 U.S. 512, 6 S.Ct. 110, 29 L.Ed. 463.

Further, as to the charge that the ordinance works confiscation and not regulation, in its essence it seems to us a reasonable attempt to effectuate an accomplishment of the city's declared purpose, and that to forbid public automatic vending machines which minors may employ is merely to exercise a legitimate attempt to effectuate a declared purpose. The purpose of the city is to prohibit sale of cigarettes to minors. It says to its sensate citizens, as it may rightfully under its police power: "You shall not sell to minors." But to the inanimate machine it cannot speak. The automatic vendor must sell to any and all who insert coins. It has no power of discrimination; hence it works prevention of realization of the desired end and evasion of the expressed prohibition. Hence it is condemned.

It is not for us to say that the desired end might be reached by a less burdensome ordinance, for, as said in Hauge v. City of Chicago (U.S.) 57 S.Ct. 241, 244, 81 L.Ed. ——, Jan. 4, 1937: "Invalidity of the ordinance cannot be established by suggesting some other less burdensome procedure, which possibly might accomplish the end in view—honest delivery weights. The city may act with proper legislative discretion."

Though such machines may not be inherently dangerous in themselves, when devoted to the indiscriminate use for au-

tomatic sales of cigarettes which are deemed injurious to minors, they work an evil within the city's control, the limitations of which are bounded only by the limitations of the police power.

Nor do we find that there is any restraint of interstate commerce. One appellant manufactures these without the State of Illinois, it sells them to another appellant within the state; the latter, in turn, rents them to other persons. The legislation, so far as this action is concerned, does not interfere in the slightest degree with shipping them into the state. It works no interference with, obstruction to, or confiscation of articles in, interstate commerce.

In view of our conclusions, it is unnecessary to consider other points urged by counsel for both parties.

Accordingly each of the decrees is affirmed.